UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERNESTO DIAZ; LEE McNEIL, | |
| Plaintiff, | 2:10-CV-1400-LRH-LRL |
| v. | |
| BAC HOME LOANS, | ORDER |
| Defendant. | |

Before the court is defendant BAC Home Loans Servicing, LP's ("BAC") motion to dismiss filed on August 25, 2010. Doc. #6.[1] Plaintiff Ernesto Diaz ("Diaz") filed an opposition (Doc. #9) to which BAC replied (Doc. #10).

**I.    Facts and Procedural History**

Diaz purchased real property through two loans secured by a deed of trust with non-party Countrywide Home Loans. In June 2009, Diaz defaulted on his loan obligations. Thereafter, non-moving defendants initiated non-judicial foreclosure proceedings.

After non-judicial foreclosure proceedings were initiated, Diaz contacted BAC in November 2009, seeking a loan modification through BAC's home retention program. BAC requested Diaz provide various documentation to determine if a loan modification was possible.

---

[1] Refers to the court's docketing number.

While BAC was reviewing Diaz's request for a loan modification, the property was sold at auction on July 14, 2010.

Subsequently, Diaz filed a complaint alleging five causes of action: (1) promissory estoppel; (2) wrongful foreclosure; (3) fraudulent misrepresentation; (4) permanent injunction; and (5) quiet title. Doc. #1. Thereafter, BAC filed the present motion to dismiss. Doc. #6.[2]

## II.   Legal Standard

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

///

---

[2] BAC also filed a motion for oral argument on its motion to dismiss. Doc. #12. The court finds that the pleadings are sufficiently briefed and that oral argument is unnecessary at this time. Accordingly, the court shall deny BAC's motion for a hearing.

**III.  Discussion**

    **A. Promissory Estoppel**

In order to state a claim for estoppel, a plaintiff must allege: (1) the defendant was appraised of the true facts; (2) the defendant intended he act based upon the defendant's representations or conduct; (3) he was not aware of the true facts; and (4) he detrimentally relied on defendant's misrepresentation or conduct. *Chanos v. Nevada Tax. Comm'n*, 181 P.3d 675, 679 (Nev. 2008). Further, under the doctrine of promissory estoppel, a promise must be sufficiently clear and unambiguous in its terms for the court to enforce any promised duty. *See Ladas v. California State Automobile Ass'n*, 19 Cal. App. 4th 761, 770 (Cal. 1993).

Here, Diaz alleges that BAC representative's told him that his loan modification request was in review and he relied on their statements by not taking further action to protect his house from being sold. However, the court finds that the allegations in the complaint are insufficient to establish that BAC intended its statements about the loan being in review to prevent Diaz from pursuing other modification alternatives. The plain language of the deed of trust contains no language that foreclosure proceedings would be stopped or postponed while Diaz applied for a loan modification. Further, Diaz concedes that no one ever told him that he was approved for a loan modification or that the foreclosure would be stayed. Finally, he does not allege that he ever received anything in writing postponing his foreclosure and was never told by anyone that the foreclosure had in fact been postponed. Therefore, the court finds that Diaz's cause of action for promissory estoppel fails to state a claim upon which relief can be granted.

    **B. Wrongful Foreclosure**

An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff was not in breach of the mortgage contract. *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Here, Diaz concedes he was in default on his mortgage obligations so there can be no sustainable action for a wrongful foreclosure. *See* Doc. #1; Doc. #9.

**C. Fraudulent Misrepresentation**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation). Here, plaintiffs fail to allege anything more than defendants made misrepresentations to them. These allegations are insufficient to support a claim for fraudulent misrepresentation.

In his compliant, Diaz alleges that he was told by multiple BAC employees that his requested loan modification was in review and was being worked on during the foreclosure process. Further, Diaz alleges that one BAC employee in particular, a Regina, told him on July 7, 2010, that she would request a postponement of the foreclosure sale on his behalf. Thus, Diaz argues that BAC employees made fraudulent misrepresentations that the foreclosure sale would not proceed on July 14, 2010.

The court has reviewed the documents and pleadings on file in this matter and finds that these allegations are insufficient to support a claim for fraudulent misrepresentation that the foreclosure sale would not proceed. Initially, the court notes that no where in the complaint does Diaz allege that he was told by any BAC representative that the pending foreclosure sale was, or would be stayed, while BAC worked on his requested loan modification. Further, there are no allegations that he was actually told by Regina or any other BAC employee that the foreclosure sale had in fact been postponed. Finally, the loan modification documents provided to Diaz throughout the review process provide that collection efforts and foreclosure proceedings would not cease during the modification evaluation. Therefore, the court finds that Diaz has failed to state a claim for fraudulent misrepresentation related to the July 14, 2010 foreclosure sale.

4

**D. Permanent Injunction**

A permanent injunction is a remedy that may be afforded to a party after he has sufficiently established and proven his claims; it is not a separate cause of action. Here, Diaz's claims fail to establish a claim for relief. Accordingly, Diaz is not entitled to declaratory relief or a permanent injunction.

**E. Quiet Title**

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS 40.010. BAC has no interest in the property that is adverse to Diaz. Therefore, Diaz has no grounds to quiet title against BAC.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #6) is GRANTED. Plaintiff's complaint is DISMISSED.

IT IS FURTHER ORDERED that defendant's motion for a hearing (Doc. #12) is DENIED.

IT IS SO ORDERED.

DATED this 28th day of October, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE